# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8817 | **DATE** | 10/21/2003 |
| **CASE TITLE** | Eurosteel Corp vs. M/V Millennium Falson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Pretrial order deadline is extended to 11/18/03. For the reasons stated in the attached memorandum opinion and order, plaintiff's motion to preclude submission of expert testimony by defendant FEDNAV International Ltd., pursuant to Federal Rule of Civil Procedure 37(c)(1) is granted. Entered Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10/21/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | MF mailing deputy initials | |

| | |
|---|---|
| EUROSTEEL CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>)  No. 01 C 8817<br>v. )<br>)<br>M/V MILLENIUM FALSON, her engines, boilers, ) Judge John W. Darrah<br>etc.; FEDNAV INTERNATIONAL LTD.; )<br>MILLENIUM V INC.; and FEDERAL )<br>MARINE TERMINALS, INC., )<br>)<br>Defendants. ) | DOCKETED<br>OCT 2 2 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Eurosteel Corporation, filed suit against Defendants, M/V Millenium Falcon, Fednav International Ltd., Millenium V Inc., and Federal Marine Terminals, Inc., alleging Defendants damaged steel coils during overseas transport. On May 29, 2002, Eurosteel dismissed its claim against Federal Marine Terminal Inc. Presently before the Court is Eurosteel's Motion to Preclude Submission of Expert Testimony by Fednav International Pursuant to Federal Rules of Civil Procedure 37(c)(1).

On October 1, 2002, this Court entered the parties' Joint Proposed Scheduling Order, which provided the disclosure of expert witnesses on or before May 1, 2003, and for the deposing of said expert witnesses on or before July 1, 2003. All discovery was to close on July 15, 2003. The pretrial conference was scheduled for November 20, 2003; and trial was scheduled for January 12, 2004. Subsequently, the trial date was rescheduled to January 5, 2004. By subsequent agreement of the parties, expert disclosure was to take place on or before June 20, 2003. Further, the disclosures were to take place simultaneously to avoid either party's having an advantage to the other parties' expert



report before their expert prepared his report.

On June 19, 2003, Eurosteel timely served its expert disclosure and report on Fednav. By July 1, 2003, Eurosteel had not received Fednav's disclosure; counsel for Eurosteel then contacted Fednav's counsel questioning the failure of Fednav to disclose its expert. On July 3, 2003, Fednav's counsel contacted Eurosteel's counsel and stated that he was "delayed [in] doing what I needed to do to get this to our expert – we are just getting it to him now and will have a report from him in two or three weeks after he has read the file." As of October 2, 2003, Fednav still has not served its expert disclosure on Eurosteel.

Federal Rules of Civil Procedure 26(a)(2) provides, in pertinent part:

> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness....
> (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosure shall be made at least 90 days before the trial date or the date the case is ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.

Federal Rules of Civil Procedure 37(C)(1) provides, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)1) ... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

2

The sanction of excluding testimony pursuant to Rule 37 is automatic and mandatory unless the sanctioned party can show that the violation of Rule 26(a) was either justified or harmless. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (*David*). It is within the district court's broad discretion to determine whether a Rule 26(a) violation is justified or harmless. Factors the district court should consider in determining whether sanctions are appropriate include: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure any prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *See David*, 324 F.3d at 857.

Here, Eurosteel is prejudiced by Fednav's failure to provide its expert's report. Fednav was provided with Eurosteel's expert's report in a timely manner, and that report is available for Fednav to review prior to submitting his report. Thus, Fednav's expert's report can directly rebut Eurosteel's expert's report; but Eurosteel will not have an equal chance to rebut Fednav's expert's report. In addition, Eurosteel is preparing for the pretrial conference, which is scheduled for early November 2003, and does not have Fednav's expert's report for such preparation.

In light of Fednav's continued failure to provide Eurosteel its expert's report, the ability to cure the above prejudice has diminished; and any cure would require extending the pretrial conference date and the filing of the pretrial order.

Fednav has shown no reason for its failure regarding expert disclosure. It offers only that counsel for the parties had agreed to continue working on discovery past the discovery cut-off date. However, Fednav's continuing failure to provide its expert report, even after the present motion was filed and fully briefed, clearly demonstrates the absence of good faith in its failure to provide such report. The parties agree that the trial date is not effected by Fednav's failure to comply with Rule

26(a).

Based on the above factors, Eurosteel's Motion to Preclude Submission of Expert Testimony by Fednav International Pursuant to Federal Rules of Civil procedure 37(c)(1) is granted.

Dated: 10-21-03

JOHN W. DARRAH
United States District Judge

4